Affirmed and Memorandum Opinion filed November 18, 2003









Affirmed and Memorandum Opinion filed November 18,
2003.

 

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-02-01085-CR

____________

 

MARVIN LEONEL ROMERO, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 228th
District Court

Harris County, Texas

Trial Court Cause No. 914,134

 



 

M E M O R A N D U M  
O P I N I O N

A jury convicted appellant of aggravated robbery and
assessed punishment at thirty-five years confinement in the Texas Department of
Criminal Justice, Institutional Division, and fined him $5,000.  Appellant brings four issues on appeal: (1)
whether he was entitled to a jury instruction on robbery, a lesser included
offense, because the complainant allegedly did not suffer serious bodily
injury; (2) whether appellant received adequate notice that the State would
seek a deadly weapon finding; (3) whether the evidence was legally sufficient
to support a finding of serious bodily injury; and (4) whether the evidence was
factually sufficient to support a finding of serious bodily injury.  We affirm. 








FACTUAL AND PROCEDURAL BACKGROUND

On May 14, 2002, complainant was driving out of a parking
lot near Harris County Criminal Court No. 2 after having finished translating
for that court.  Appellant walked toward
her, asking what time it was. 
Complainant attempted to lock her car door but appellant was able to
open it.  Appellant punched complainant
in the face and forced his way into her car. 
Appellant demanded complainant=s car keys and purse.  Appellant attempted to lock the passenger=s door but complainant escaped
through it.  As complainant ran away, she
heard a crash.  After calling the police,
complainant returned to the parking lot where she found her car crashed and
appellant gone.

Complainant was taken to Methodist Hospital where she was
examined by Dr. Charles Soparker, an ocular plastic
surgeon.  Dr. Soparker
determined that complainant had suffered a significant fracture of bones around
her eye.  A few days later, Dr. Soparker and a general plastic surgeon operated to remove
bone fragments from complainant=s sinus cavity and replace her
orbital floor with a synthetic bone in order to prevent her eye from sinking
into her sinus cavity.  Complainant was
able to recover without losing use of her eye. 


At trial, appellant requested an instruction on the lesser
included offense of robbery, arguing that there was no evidence that he had
caused Aserious bodily injury.@  The trial court denied the request.  The jury subsequently found appellant guilty
of aggravated robbery.

ANALYSIS

In four points of error, appellant contends the following:
(1) he was entitled to a jury instruction on a lesser included offense,
robbery, because the complainant did not suffer serious bodily injury; (2) he
did not receive adequate notice that the State would seek a deadly weapon
finding; (3) the evidence was legally insufficient to support a finding of
serious bodily injury; and (4) the evidence was factually insufficient to
support a finding of serious bodily injury.

 








I.        Requested
Instruction on a Lesser Offense

In his first point of error, appellant contends the trial
court erred in failing to give a requested jury instruction on the lesser
included offense of robbery.  Appellant
argues that the jury could have found him guilty of only robbery because
complainant did not suffer a substantial risk of death or protracted loss or
impairment of any bodily organ.

A defendant is entitled to an instruction on a lesser
included offense only if both prongs of a two-prong test are met.  Moore v. State, 969
S.W.2d 4, 8 (Tex. Crim. App. 1998).  First, the requested offense must be a lesser
included offense of the charged offense. 
Id.  Second, there must be
some evidence that establishes that if the defendant is guilty, he is guilty of
only the lesser offense.  Id. 

Appellant meets the first prong of the test because robbery
is a lesser included offense of aggravated robbery.  See Tex.
Penal Code '' 29.02(a), 29.03(a).

In order for appellant to meet the second prong of the test,
there must be some evidence that any bodily injury he inflicted was not Aserious bodily injury.@  See id.  A>Serious bodily injury= means bodily injury that
creates a substantial risk of death or that causes death, serious permanent
disfigurement, or protracted loss or impairment of the function of any bodily
member or organ.@  Id. ' 1.07(a)(46).  Whether a bodily injury is Aserious@ is determined at the time of
the injury, without taking into account any ameliorative effects of medical
treatment.  Brown v.
State, 605 S.W.2d 572, 575 (Tex. Crim. App.
1980). 

The uncontested evidence indicated that the orbital floor of
complainant=s left eye socket was fractured
in the attack.  The treating physician testified
that because of the fracture, the eye would begin to sink into the sinus.  The fracture also pinched one of the muscles
that move the eye, which would have resulted in double vision and an inability
to move the eye properly if untreated, and the fracture pinched the nerve that
gives sensation to the face, which would have resulted in numbness of her face
down to her teeth if untreated.








Because we find no evidence that complainant=s injuries would not have
resulted in protracted loss or impairment if untreated, appellant was not
entitled to an instruction on the lesser included offense of robbery.  We overrule appellant=s first point of error.

II.       Notice of
Intent to Seek a Deadly Weapon Finding

In his second point of error, appellant contends he was
denied his right to receive notice of the State=s intent to seek a deadly
weapon finding.  Appellant appears to
have overlooked the language in the State=s AAmended Notice Pursuant to TRE
404/609 and Art. 37.07,@ filed eleven days before
trial, which reads:

The State of Texas intends to seek the
affirmative finding in cause #914134, that the
defendant used and exhibited a deadly weapon, namely, his hand, during the
course of the commission of that offense and during the immediate flight therefrom.

 

We overrule appellant=s second point of error.

III.      Legal and
Factual Sufficiency of the Evidence

In his third and fourth points of error, appellant contends
the evidence was legally and factually insufficient to support a conviction for
aggravated robbery.  Appellant argues
that the evidence does not support a finding of Aserious bodily injury@ because complainant did not
suffer a substantial risk of death or protracted loss or impairment of any
bodily organ.

In reviewing a legal sufficiency challenge, we view the
evidence in the light most favorable to the verdict.  Wesbrook v. State, 29 S.W.3d 103, 111 (Tex. Crim.
App. 2000).  The issue on appeal
is not whether we, as a court, believe the State=s evidence or believe that
appellant=s evidence outweighs the State=s evidence.  Wicker v. State, 667
S.W.2d 137, 143 (Tex. Crim. App. 1984).  The verdict may not be overturned unless it
is irrational or unsupported by proof beyond a reasonable doubt.  Matson v. State, 819
S.W.2d 839, 846 (TEx. Crim.
App. 1991).








In reviewing a factual sufficiency challenge, we view all of
the evidence in a neutral light, and will reverse a conviction only if the
evidence supporting guilt is so obviously weak as to render the conviction
clearly wrong and manifestly unjust, or if that evidence, altough
adequate when taken alone, is so greatly outweighed by the overwhelming weight
of contrary evidence as to render the conviction clearly wrong and manifestly
unjust.  Vasquez v.
State, 67 S.W.3d 229, 236 (Tex. Crim. App. 2002).


As already discussed in regard to appellant=s first point of error, the
uncontested evidence indicated that complainant=s injuries would have resulted
in protracted loss or impairment if untreated. 
This evidence was both legally and factually sufficient to support the
jury=s finding that appellant caused
Aserious bodily harm.@  See Tex.
Penal Code ' 1.07(a)(46).  We overrule appellant=s third and fourth points of
error.

The judgment of the trial court is affirmed.

 

 

 

 

 

/s/      Wanda McKee Fowler

Justice

 

 

 

 

Judgment
rendered and Memorandum Opinion filed November 18, 2003.

Panel
consists of Justices Yates, Hudson, and Fowler.

Do Not
Publish C Tex. R. App. P.
47.2(b).